McGREGOR W. SCOTT
United States Attorney
WAYNE DENGAL
Special Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 559-4000
Facsimile: (559) 559-4099
300 S. Richmond Road
Ridgecrest, CA 93555
Telephone: (760) 384-5468
Facsimile: (760) 384-5469

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN GOYENECHE,<br><br>Defendant. | Case No. 5:17-CR-00001-JLT<br><br>MEMORANDUM OF DIVERSIONARY PLEA AGREEMENT PURSUANT TO RULE 11(c)(1)(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE<br><br>Hon. Jennifer L. Thurston |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Special Assistant United States Attorney Wayne Dengal, has agreed with the defendant, Juan Goyeneche, and his attorney Jerry Behnke as set forth below.

This document contains the complete Memorandum of Diversionary Plea Agreement ("Plea Agreement") between the United States Attorney's Office for the Eastern District of California ("Government") and defendant Juan Goyeneche regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California

and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

1. Charges

The defendant acknowledges that he has been charged in a three-count Criminal Complaint as follows:

Count One:

Allowing livestock or other privately owned or controlled animals to graze on or be driven across these lands without a permit or lease or other grazing use authorization and timely payment of grazing fees, in violation of 43 C.F.R. § 4140.1(b)(1)(i).

Count Two:

Allowing livestock or other privately owned or controlled animals to graze on or be driven across these lands without a permit or lease or other grazing use authorization and timely payment of grazing fees, in violation of 43 C.F.R. § 4140.1(b)(1)(i).

Count Three:

Allowing livestock or other privately owned or controlled animals to graze on or be driven across these lands without a permit or lease or other grazing use authorization and timely payment of grazing fees, in violation of 43 C.F.R. § 4140.1(b)(1)(i).

2. Agreements by the Defendant

(a) The defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

(b) The defendant agrees to enter a plea of guilty to the three counts charged in the complaint, which charges him with three separate violations of allowing livestock or other privately owned or controlled animals to graze on or be driven across these lands without a permit or lease or other grazing use authorization and timely payment of grazing fees, in violation of 43 C.F.R. § 4140.1(b)(1)(i).

(c) The defendant agrees to postpone sentencing in this matter until June 4, 2019. The period from the date the defendant enters a plea of guilty until the date of sentencing shall be known as the "diversionary period."

(d) The defendant understands and agrees that he will not be allowed to withdraw his plea absent a stipulation from the government permitting such withdrawal at the conclusion of the diversionary period.

(e) The defendant knowingly and voluntarily waives his Constitutional, statutory and legal rights to appeal his plea, conviction, restitution imposed, or sentence. This waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal his plea, conviction, restitution imposed, or sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742 or otherwise. The defendant further agrees not to contest his plea, conviction, restitution imposed, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255, except for non-waivable claims.

(f) The defendant further acknowledges that: (i) his plea of guilty is voluntary; (ii) no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the defendant to plead guilty; and (iii) there have been no representations or promises from anyone as to whether the Court will permit the defendant to withdraw his plea at the time of sentencing, or what sentence the Court will impose.

(g) During the diversionary period, the defendant agrees that he: (1) pay restitution in the amount of $25,000.00 to the Desert Tortoise Preserve Committee, Inc. as nominee of the Bureau of Land Management, (2) provide proof of such payment to his attorney and the United States Attorney's Office for the Eastern District of California; (3) obtain all necessary grazing permits, pay all required fees and abide by all grazing permit stipulations prior to releasing livestock to be driven across or graze upon lands administered by the Bureau of Land Management, and shall direct accordingly any employee, designee, representative or associate assigned to monitor and care for such livestock on behalf of the defendant. Defendant shall be

subject to any criminal, civil and administrative remedies provided by law for any future unauthorized grazing use of lands administered by the Bureau of Land Management, and that such remedies may include impoundment of livestock as provided by 43 CFR § 4150.4. Defendant acknowledges that the signed plea agreement shall serve as written notice by the Bureau of Land Management of intent to impound for all future unauthorized grazing violations as provided in 43 CFR § 4150.4-1(a). (4) report any contact with law enforcement to his attorney and the United States Attorney's Office for the Eastern District of California within 48 hours; (5) report any change of address to his attorney and the United States Attorney's Office for the Eastern District of California within 7 days; and (6) obey all laws. The term "obey all laws" as used herein means all federal, state and local laws. An offense that can be charged only as an infraction will not be considered a "violation of the law" within the meaning of this agreement.

(h)   The defendant agrees that compliance with the above terms set forth in paragraph (2)(g) is to be determined at the sole discretion of the United States Attorney's Office for the Eastern District of California.

(i)   The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(j)   If the defendant's conviction on the count to which he is pleading is ever vacated at the defendant's request and over the government's object, or his sentence is ever reduced at his request, the government shall have the right to: (1) prosecute the defendant on any of the counts to which he pleaded guilty; (2) reinstate any counts that may be dismissed under the agreement; and (3) file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections,

motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, without limitation, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to withdraw his plea; (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after his Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, the Federal Rules of Criminal Procedure, Rule 410, of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed. By signing this Agreement, the defendant waives any and all rights in the foregoing, respects.

The preceding paragraph, 2(j), shall not apply if the government stipulates to defendant's withdrawal of his guilty plea under paragraph 3(b) of this agreement.

3. <u>Agreements by the Government</u>

(a) The government agrees to recommend that the Court set this matter for a sentencing hearing on or before June 4, 2019, in order to permit the defendant to perform the conditions set forth in paragraph (2)(g) above.

(b) If, as determined at the sole discretion of the United States Attorney's Office for the Eastern District of California, the defendant fully complies with the terms set forth in paragraph (2)(g) above, the government agrees to: (i) stipulate to the withdrawal of the defendant's guilty plea; and (ii) move for dismissal of the complaint, with prejudice, at the time of sentencing.

4.  Nature, Elements and Possible Defenses

The defendant has read the charges against him contained in the complaint, and those charges have been fully explained to his by his attorney. Further, the defendant fully understands the nature and elements of the crime in the complaint to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

The elements of the crime of Allowing livestock or other privately owned or controlled animals to graze on or be driven across these lands without a permit or lease or other grazing use authorization and timely payment of grazing fees, as alleged in the Complaint, are as follows:

First, the defendant or his duly employed or assigned representative or designee was on Public Land administered by the Bureau of Land Management, in the state and Eastern District of California;

Second, the defendant was allowing livestock or other privately owned or controlled animals to graze on or be driven across these lands; and

Third, The defendant did not have a permit or lease or other grazing use authorization and timely payment of grazing fees, as he was required to have.

5.  Factual Basis

The defendant concedes that he will plead, and is pleading, guilty to the crime set forth in the complaint, because he is, in fact, guilty of that offense. The defendant also agrees that the following are the true and correct facts of this case:

The defendant owns sheep and provides for the care and maintenance for his animals through attending shepherds employed, assigned, directed or overseen by the defendant. On June 2, 2018, June 17, 2018 and June 22, 2018, defendant's sheep, identified by markings on the animals and through vehicle registrations of nearby water tank support vehicles, and confirmed by statements of the attending shepherds, were found to be upon BLM managed public lands without a permit, and outside the timeframe of any such otherwise duly issued permit, in violation of 43 CFR § 4140.1(b)(1)(i). Sheep were located grazing or being driven across public lands in the vicinity of California City in the County of Kern, near the Desert Tortoise Research Natural Area, in the state and Eastern District of California.

6. <u>Potential Sentence</u>

The following is the maximum potential sentence which the defendant faces for each count:

COUNT ONE – THREE:
[Allowing livestock or other privately owned or controlled animals to graze on or be driven across these lands without a permit or lease or other grazing use authorization and timely payment of grazing fees, in violation of 43 C.F.R. § 4140.1(b)(1)(i)]:

    (a)    Imprisonment.

            Maximum: One (1) Year.

    (b)    Fine.

            Maximum: One Hundred Thousand Dollars ($100,000).

    (c)    Both such fine and imprisonment.

    (d)    Penalty Assessment.

            Mandatory: Twenty-five dollars ($25.00).

7. <u>Waiver of Rights</u>

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to be represented by an attorney at all stages of the proceedings, and he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The

jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant, and prove each element of the charge against the defendant beyond a reasonable doubt. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the Court at no expense to him.

(e) At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

The defendant understands that by pleading guilty he is waiving all of the rights set forth above, and acknowledges that his attorney has explained to him those rights and the consequences of his waiver of those rights.

### 8. Questions by Court

The defendant understands that if the Court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

### 9. Entire Agreement

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

### 10. Court not a Party

(a) It is understood by the parties that the Sentencing Court is neither a party to nor bound by this agreement and the sentencing judge, pursuant to Rule of Criminal Procedure 11(d)(2)(B), may decline to permit defendant to withdraw his guilty plea at the time of sentencing, and is free to impose the maximum penalties as set forth in paragraph 6 even if defendant satisfies all of the terms and conditions of this agreement. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the defendant's criminal activities, including activities which may not have been charged in the complaint.

### 11. Presentence Report

Defendant understands that the United States Probation Office is not a party to this agreement and may conduct an independent investigation of defendant's activities and his background. It may then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

|     |                          |     |                                             |
| --- | ------------------------ | --- | ------------------------------------------- |
|     |                          |     | McGREGOR W. SCOTT<br>United States Attorney |
| Dated: _____ | | By: | _____<br>Wayne Dengal<br>Special Assistant U.S. Attorney |
| Dated: _____ | | By: | _____<br>Juan Goyeneche<br>Defendant |
| Dated: _____ | | By: | _____<br>Jerry Behnke<br>Attorney for Defendant |

## ORDER

The Court ORDERS:

1. The plea agreement is ORDERED into effect with the following modifications:

   a. The restitution SHALL be used only for the benefit of the Bureau of Land Management;

   b. The defendant SHALL pay a $25 Special Assessment within 30 days;

2. The Court sets a status conference on May 7, 2019 at 9:00 a.m.

IT IS SO ORDERED.

Dated. June 5, 2018

*Jennifer L. Thurston*
_____
JENNIFER L. THURSTON
U.S. MAGISTRATE JUDGE